nances of Dayton, page 534), it is proper to plead such ordinance in cases where suit is brought for the negligence of a street car or steam railway resulting in the injury of one of the members of such fire department. This is permitted as an averment of one of the facts surrounding the accident fixing a right of the plaintiff at the time, the violation of which under proper conditions may entitle him to recovery.

This court has repeatedly held and still holds that the pleading of a speed ordinance is not proper. This we do for the reason that a speed ordinance is simply a regulation of the company to which it relates and not a declared substantive right of the injured party. It does not fix the latter's status but only evidences the solemn enactment of the legislative body on the subject. Our Supreme Court regards the proof of its violation as no evidence of negligence *per se*, but only as some evidence bearing upon the question to be so considered with all other evidence in the case.

---

## AN UNCONSTITUTIONAL PROVISION AS TO SUBROGATION.

Common Pleas Court of Cuyahoga County.

### MOSES GARRETT v. THE TRAVELERS INSURANCE CO.

Decided, March 14, 1911.

*Employers' Liability Insurance—Injured Employe Not Entitled to Subrogation to Rights of Employer, Until—Retroactive Legislation —Section 6510-4 Unconstitutional.*

1. Where, under a policy of employer's liability insurance, the employer has no right of action against the insurance company on account of injury to an employe until he has paid in money the amount of the judgment recovered, the employe can not be subrogated to the rights of the employer against the company.

2. The provision of the supplement to Section 9510, enacted April 30, 1910, giving the right of subrogation to an employe under a judgment recovered by him against his employer for an injury, is retroactive as to recoveries had prior to the date of its enactment, and as to such recoveries is unconstitutional and void.

*Ong, Thayer & Mansfield,* for plaintiff.

*Hoyt, Dustin, Kelley, McKeehan & Andrews,* contra.

ESTEP, J.

On demurrer to petition.

The plaintiff, on the 22d day of October, 1906, brought a suit against the J. Miller Company to recover damages sustained by him for injuries caused by the negligence of the said the J. Miller Company.

On the 27th day of February, 1909, in this court, he recovered a judgment against the J. Miller Company in the sum of $500 and costs. The said judgment is unreversed, and is in full force and effect.

The said the J. Miller Company, before said judgment was obtained, became insolvent and went through bankruptcy. The said company is still utterly unable to pay said judgment.

The J. Miller Company, on the 23d day of July, 1906, took out a policy of insurance in the Travelers Insurance Company in the sum of $1,500; and, among other things, the policy provided that it should be in full force from the 15th day of July, 1906, to July 15, 1907; and said policy guaranteed the payment of any and all damages the J. Miller Company might sustain by reason of injuries incurred by an employe in the J. Miller Company, through its negligence and carelessness, not exceeding the sum of $1,500.

The J. Miller Company having failed to pay said judgment, and said company being insolvent, the said Moses Garrett began an action in this court against the Travelers Insurance Company to recover the said sum of $500, said action being based upon said policy of insurance. A demurrer was filed to said petition, and was sustained by Judge Phillips, and judgment was entered upon it (9 Nisi Prius [N. S.], 412). The circuit court affirmed this judgment. The case was taken to the Supreme Court, but plaintiff there dismissed his action. The action appears to have been dismissed by the plaintiff by reason of an act passed by the Legislature on the 30th day of April, 1910, found in 101 Ohio Laws, page 192. After the passage of this act, the plaintiff, on the 18th day of January, 1911, filed a petition in this court against the Travelers Insurance Company, to recover the damages aforesaid, with interest and costs. The said action is based upon

Section 9510-4 of said act, which provides that an employe, who has *heretofore recovered* or shall hereafter recover against his employer for injuries sustained while in the employ of his employer, and because of negligence of the employer, or negligence for which he or it is liable, shall be subrogated to all the rights of the employer under any contract or policy of insurance against loss or damage resulting to said employer from injury or death of an employe while in the service of such employer, whether said person, co-partnership or corporation contracting or issuing such policy of insurance has been made a party to the action for damages sustained, or not.

A demurrer has been filed to this petition, and several grounds of said demurrer have been urged.

I will only consider two grounds urged before me, which I deem sufficient to dispose of the matter:

1. In the first place, taking it for granted that said act of the Legislature, in so far as it provides for subrogation where the employe has recovered against his employer *prior to April 30, 1910,* is not retroactive, then we may properly inquire as to whether or not the plaintiff in his petition sets up *any right* to which the plaintiff could be subrogated. The act clearly provides that the employe is to be subrogated to *all the rights* of the employer under the policy of insurance. It was clearly decided by Judge Phillips, in the case in 9 Nisi Prius (N. S.), that the J. Miller Company had no right or claim against the insurance company until it had paid the judgment in money. It is set up in the petition that the J. Miller Company has not paid said judgment, and the excuse of insolvency and bankruptcy of said company is urged as the reasons why said judgment has not been paid. It is perfectly clear that the J. Miller Company would have no right of action against the insurance company unless it had paid the judgment in money, and it could certainly not maintain an action against the company, and urge as an excuse for its non-payment of said judgment its insolvency and bankruptcy. The petition, in my opinion, sets up no right of the J. Miller Company against the defendant to which the plaintiff in this action could be subrogated.

2. The defendant further claims that said act of April 30, 1910, and particularly said Section 9510-4, in so far as it undertakes to provide for subrogation in the matter of recoveries *had before April 30, 1910,* is in contravention to Article II, Section 28 of the Constitution of Ohio, which is as follows: "The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts." * * * And that it is also contrary to Article I, Section 10 of the Federal Constitution, which provides, among other things, that no state shall pass any law impairing the obligation of contracts.

The section of the law under consideration clearly undertakes, in so far as it provides subrogation in the case of recoveries *prior to April 30th, 1910,* to give a *right* of action to plaintiff against defendant which he did not have prior to said enactment. That he did not have a right of action against the defendant prior to said time, was fully decided in 9 Nisi Prius (N. S.), 412. The law, as contended for by counsel for plaintiff, is not one providing a remedy. It is one clearly imposing a new burden or liability upon the defendant, as to a past transaction. It is giving to the plaintiff a *right* against the defendant which did not belong to him prior to April 30, 1910. The section of said act, in my opinion, in undertaking to provide for subrogation in case of recoveries prior to April 30, 1910, is retroactive, and can not be made the basis of a recovery in this action.

I will not undertake to quote from authorities relating to the question of retroactive legislation, but will content myself with citing some of the leading cases in Ohio on the subject. *Cincinnati* v. *Seasongood,* 46 O. S., 303; *Schooner* v. *Dobbie,* 17 O. S., 125; *Rairden* v. *Holden et al,* 15 O. S., 207; *Miller* v. *Hixon, Treas.,* 64 O. S., 39; *State* v. *Tin & Japan Co.,* 66 O. S., 182. See also: *Sturgis* v. *Carter,* 114 U. S., 511; *Sedgwick on Stat. & Const. Construction,* 346, 2d Ed.

For the reasons given above, I sustain the demurrer filed to said petition.